28 So.2d 215

## HARRIS v. STATE.

### 2 Div. 744.

Court of Appeals of Alabama.

Nov. 26, 1946.

Pitts & Pitts, of Selma, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant (defendant below) with the offense of assault with intent to murder Grady Roberts, etc.

■ Upon the trial below there was no dispute or conflict in the evidence which tended to show that an unprovoked and dangerous assault with a knife had been made upon one Grady Roberts the alleged injured party. The defendant strenuously insisted, however, that he was not the person who committed said assault, and he testified to that fact, also offered the testimony of numerous witnesses whose testimony tended to show that the defendant was at another and different place, some miles distant at the very time the alleged crime was committed.

Thus the only question involved in the case was the identity of the perpetrator of the crime complained of. On this question the evidence was in irreconcilable conflict. Mr. Roberts, the injured party, testified that this appellant was the identical

person who assaulted him with a knife without semblance of provocation, and that the assault was made upon him in front of Mr. Rayfield's market in Selma, Alabama, on Washington Street. Mr. Rayfield who owned the market saw the difficulty and undertook to avoid the assault, but was himself threatened with bodily harm and hastily retreated into his market, his place of business. Mr. Rayfield likewise positively and without hesitation identified the defendant as having committed the assault. There was also other testimony in this connection. From the foregoing it can readily be ascertained that this conflict in the testimony was for the jury to determine.

In submitting this case to the jury there was no error committed by the trial court. The jury considered the evidence and decided adversely to defendant.

We are of the opinion that the evidence was ample to sustain the verdict of the jury, and to support the judgment of conviction duly pronounced and entered.

The motion for a new trial was overruled without error.

Affirmed.